Peter A. Romero (PR-1658)
FRANK & ASSOCIATES, P.C.
500 Bi-County Blvd., 112N
Farmingdale, New York 11735
Tel. (631) 756-0400
Fax (631) 756-0547
promero@laborlaws.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JOSE PEREZ, on behalf of himself and
on behalf of all others similarly situated,

                Plaintiff,              **COMPLAINT**

    -against-

PETER UNDERGROUND UTILITY LLC, NELU CABLE INC.,
DANELLA LINE SERVICES COMPANY, INC., PETER
SERBAN, VALENTIN SERBAN, and JAMES DANELLA


                Defendants.
------------------------------------------------------------------X

      Plaintiff JOSE PEREZ, on behalf of himself and on behalf of others similarly situated, by and through his attorneys, FRANK & ASSOCIATES, P.C., brings this action against Defendants PETER UNDERGROUND UTILITY LLC, ("PETER UNDERGROUND"), NELU CABLE INC. ("NELU"), DANELLA LINE SERVICES COMPANY, INC. ("DANELLA LINE"), PETER SERBAN ("Peter Serban"), VALENTIN SERBAN ("Valentin Serban"), and JAMES DANELLA ("James Danella").

## **INTRODUCTION**

    1.    Plaintiff seeks to recover unpaid wages and overtime wages that Defendants owe him and similarly situated current and former non-exempt employees. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, ("FLSA"), on behalf of himself and

1

all similarly situated current and former employees who elect to opt into this action pursuant to the collective action provision of FLSA 29 U.S.C. §216(b).

2. Plaintiff also brings this action on behalf of himself and a class of similarly situated current and former non-exempt employees of Defendants, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for unpaid wages and overtime wages, under the New York Labor Law Article 19, §650 *et seq.*, and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("New York Labor Law").

3. Plaintiff and similarly situated employees performed non-exempt work for the Defendants, including but not limited to, driving vehicles with supplies to and from job sites, doing construction, excavating holes, and laying underground pipes and cables.

4. Defendants failed to compensate Plaintiff and similarly situated employees for all of the hours they worked at a rate of at least their regular hourly rate, in violation of FLSA and New York Labor Law.

5. Defendants failed to compensate Plaintiff and similarly situated employees for all of the hours they worked in excess of forty (40) hours in a workweek, in violation of the FLSA and New York Labor Law.

6. Defendants failed to provide Plaintiff and similarly situated employees with notice of their rate of pay; the basis of their rate of pay; and other information required by Section 195 of the New York Labor Law.

## JURISDICTION AND VENUE

7. The Court has jurisdiction over this action pursuant to 29 U.S.C. § 201 *et seq.* and 28 U.S.C. §1331 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

8. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

9. This action properly lies in the United States District Court, Eastern District of New York, pursuant to 28 U.S.C. § 1391.

## PARTIES

10. Plaintiff is a resident of the State of New York residing in the County of Suffolk.

11. At all times relevant to the Complaint, Plaintiff was an "employee" within the meaning of 29 U.S.C. § 203(e) and New York Labor Law § 190(2).

12. Collectively, Defendants are joint employers of Plaintiff.

13. Upon information and belief, Defendant NELU was and still is a foreign business corporation organized and existing pursuant to laws of the State of Pennsylvania.

14. Upon information and belief, Defendant NELU is a Cable/pay Television Service company and is licensed to carry non-hazmat rated materials.

15. Defendant NELU maintains its principal place of business at 1423 Cottman Ave. Philadelphia, PA 19111

16. Defendant NELU is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203 (d) and New York Labor Law § 190(3).

17. Upon information and belief, Defendant Valentin Serban owns and operates NELU.

18. Defendant Valentin Serban is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and New York Labor Law § 190(3).

19. Upon information and belief, Defendant PETER UNDGEROUND was and still is a foreign Limited Liability Company organized and existing pursuant to laws of the State of

Pennsylvania.

20. Defendant PETER UNDERGROUND maintains its principal place of business at 7351 Frontenac Street, Philadelphia, PA 19111.

21. Upon information and belief, Defendant PETER UNDERGROUND is a licensed bonded freight shipping and trucking company running freight hauling business.

22. Defendant PETER UNDERGROUND is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and New York Labor Law § 190(3).

23. Upon information and belief, Defendant Peter Serban owns and operates PETER UNDERGROUND.

24. Defendant Peter Serban is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and New York Labor Law § 190(3).

25. Upon information and belief, Defendant DANELLA LINE was and still is a foreign business corporation organized and existing pursuant to laws of the State of Pennsylvania.

26. Defendant DANELLA LINE maintains its principal place of business at 2290 Butler Pike Plymouth Meeting, PA 19462.

27. Upon information and belief, Defendant DANELLA LINE provides construction and engineering services to major gas, electric, water, telephone and fiber utility companies throughout the United States. Also, it is the leader in the truck and construction equipment rental industry, servicing primarily power/utility companies and railroads.

28. Defendant DANELLA LINE is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and New York Labor Law § 190(3).

29. Upon information and belief, Defendant DANELLA LINE subcontracts work to

Defendants NELU and PETER UNDERGROUND.

30. Upon information and belief, Defendant James Danella owns and operates DANELLA LINE.

31. Defendant James Danella is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and New York Labor Law § 190(3).

## FACTUAL ALLEGATIONS

32. Plaintiff was a non-exempt employee as described by 29 U.S.C. § 201, *et seq.* and the N.Y.S. Department of Labor Regulations, 12 NYCRR § 142.

33. Plaintiff worked as a field service contractor for the Defendants from on or about March 2013 to on or about August 2014. He primarily serviced residential neighborhoods in Syracuse, Westchester, and Long Island.

34. Plaintiff's position was a seasonal job. He worked two seasons for the Defendants: March 2013 to December 2013 and April 2014 to August 2014.

35. During both seasons, Plaintiff regularly worked from 7:00 a.m. to 8:00 p.m., Monday through Saturday.

36. Plaintiff's duties included, but were not limited to, driving vehicles with supplies to and from the job sites, doing construction, excavating, and laying underground pipe and cables.

37. Plaintiff worked more than forty hours in all workweeks in which he was employed by the Defendants. For example, during the week of May 19, 2014 to May 23, 2014, Plaintiff worked sixty-eight (68) hours, which included twenty-eight (28) hours of overtime.

38. From March 2013 to on or about June 2014, Plaintiff was paid by checks drawn from a bank account held by Defendant NELU.

5

39. From on or about June 2014 to August 2014, Plaintiff was paid by checks drawn from a bank account held by Defendant PETER UNDERGROUND.

40. The name "Danella Line Services" appeared on the vehicles Plaintiff drove to and from job sites.

41. Defendants willfully failed to pay Plaintiff and other similarly situated current and former employees for all hours worked each workweek at a rate of at least their straight-time hourly rate.

42. Defendants willfully failed to compensate the Plaintiff and other similarly situated current and former employees for time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times their regular hourly rate, throughout the entire term of their employment with Defendants.

43. Defendants willfully disregarded and purposely evaded record keeping requirements of the FLSA and the New York Labor Law by failing to maintain accurate time sheets and payroll records.

44. Defendants failed to post notices explaining wage and hour requirements in conspicuous places as required by the FLSA, 29 C.F.R. §516.4 and the New York Labor Law, N.Y. Comp. Codes R. & Regs. 12 §137–2.3.

## COLLECTIVE ACTION ALLEGATIONS

45. At all relevant times, Plaintiff and the other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them for all hours worked at a rate of at least straight-time hourly rate, as well as

overtime pay at a rate of one and one-half times their regular hourly rate for all hours worked in excess of forty (40) each week.

46. Plaintiff also brings FLSA claims on behalf of all non-exempt employees of Defendants who give their consent, in writing, to become Plaintiffs and who performed duties including, but not limited to, driving vans with supplies to and from job sites, doing construction, excavating holes, and laying underground pipes and cables at any time during the three (3) years prior to the filing of their respective consent forms.

47. Upon information and belief, there are many current and former employees who are similarly situated to the Plaintiff, who have been underpaid in violation of the FLSA. The named Plaintiff is representative of those other workers and is acting on behalf of the Defendants' current and former employees' interests as well as his own interest in bringing this action.

48. Plaintiffs seeks to proceed as a collective action pursuant to 29 U.S.C. §216(b) on behalf of himself and all similarly situated persons who work or have worked for Defendants at any time during the three (3) years prior to the filing of their respective consent forms.

49. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. §216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. These similarly situated employees should be notified of and allowed to opt-in to this action pursuant to 29 U.S.C. §216(b). Unless the Court promptly issues such a notice, persons similarly situated to the Plaintiffs, who have been unlawfully deprived of overtime pay and minimum wage in violation of the FLSA, will be

unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by the Defendants.

## FEDERAL RULE OF CIVIL PROCEDURE RULE 23
## CLASS ACTION ALLEGATIONS

50. Plaintiff also brings New York Labor Law claims on behalf of himself and a class of persons under Rule 23 of the Federal Rules of Civil Procedure consisting of all persons who work or have worked for Defendant and have performed non-exempt duties, including, but not limited to, driving vans to and from jobs sites, doing construction, excavating holes, and laying underground pipes and cables at any time from the six (6) years prior to the filing of this complaint to the entry of the judgment in the case (the "Rule 23 Class").

51. The persons in the Rule 23 Class identified above are so numerous that joinder of all members is impracticable.

52. The Rule 23 Class Members are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants.

53. Defendants have acted or have refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

54. There are questions of law and fact common to the Rule 23 Class that predominate over any questions solely affecting individual members of the Rule 23 Class, including but not limited to:

(a) Whether the Defendants unlawfully failed to pay proper compensation in violation of and within the meaning of the New York Labor Law Article 6, 190 *et*

*seq.* and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142;

(b) Whether the New York Class Representatives and Rule 23 Class are non-exempt from entitlement to premium compensation for hours worked in excess of forty (40) hours per week;

(c) Whether Defendants have failed to keep true and accurate time records for all hours worked by Plaintiff and the Rule 23 Class;

(d) What proof of hours worked is sufficient when an employer fails in its duty to maintain true and accurate time records;

(e) What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of straight-time wages and overtime wages;

(f) Whether Defendants failed and/or refused to pay Plaintiffs and the Rule 23 Class overtime pay for hours worked in excess of 40 hours per work week within the meaning of New York Labor Law Article 19, §650 *et seq.*, and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142;

(g) The nature and extent of Rule 23 Class-wide injury and the appropriate measure of damages for the class;

(h) Whether Defendant's general practice of failing and/or refusing to pay Plaintiff and the Rule 23 Class for all hours worked at a rate of at least their straight-time hourly rate was done willfully or with reckless disregard of the federal and state and wage and hour laws.

(I) Whether Defendant's general practice of failing and/or refusing to pay Plaintiff and the Rule 23 Class overtime pay for hours worked in excess of 40 hours per

work week was done willfully or with reckless disregard of the federal and state wage and hour laws.

55. The claims of the Plaintiff are typical of the claims of the Rule 23 Class he seeks to represent. Plaintiff and the Rule 23 Class work or have worked for Defendants in non-exempt positions and have not been paid for all the hours they have worked or overtime wages for the hours that they have worked in excess of 40 hours per week. Defendants have acted and have refused to act on grounds generally applicable to the Rule 23 Class, thereby making declaratory relief with respect to the Rule 23 Class appropriate.

56. Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay overtime compensation for hours worked in excess of forty (40) hours each week.

57. Plaintiff will fairly and adequately represent and protect the interests of the Rule 23 Class.

58. Plaintiff has retained counsel competent and experienced in complex class actions and in labor and employment litigation.

59. A class action is superior to other available methods for the fair and efficient adjudication of this litigation, particularly in the context of a wage and hour litigation like the present action, where individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate Defendant.

60. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

61. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant savings of these costs.

62. The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices and procedures.

63. Although the relative damages suffered by individual Rule 23 Class Members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.

64. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

65. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing those risks.

### FIRST CLAIM FOR RELIEF FOR
### FAILURE TO PAY REGULAR AND OVERTIME WAGES
### IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

66. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

67. Defendants willfully failed to pay Plaintiff and other similarly situated current and former employees for all hours worked each workweek at a rate of at least their straight-time hourly rate, in violation of the FLSA.

68. Defendants willfully failed to compensate Plaintiff for all hours worked in excess of forty (40) hours per week at a rate of a least one and one-half times her regular hourly rate, in violation of the FLSA.

69. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

70. As a result of Defendant's unlawful acts, Plaintiff and other similarly situated current and former employees have been deprived of their base hourly wages and overtime compensation and are entitled to recovery of such amounts, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

### SECOND CLAIM FOR RELIEF FOR FAILURE TO PAY WAGES IN VIOLATION OF NEW YORK LABOR LAW

71. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

72. Defendants failed to compensate Plaintiff and Rule 23 Class Members for each hour worked each week, at a rate at least equal to their regular base rate of pay, in violation of New York Labor Law.

73. Therefore, Plaintiff and Rule 23 Class Members are entitled to recover amounts to be proven at trial for unpaid straight-time wages and an additional 100% amount as liquidated damages, plus reasonable attorney's fees, and the costs of this action.

## THIRD CLAIM FOR RELIEF
## FOR FAILURE TO PAY OVERTIME WAGES
## IN VIOLATION OF NEW YORK LABOR LAW

74. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

75. Defendant employed Plaintiff and Rule 23 Class Members for workweeks longer than forty (40) hours and willfully failed to compensate them for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular hourly rate, in violation of New York Labor Law.

76. By Defendants' failure to pay Plaintiff and Rule 23 Class Members overtime wages for hours worked in excess of 40 hours per week, they have willfully violated the New York Labor Law Article 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. Part 142.

77. Therefore, Plaintiff and the Rule 23 Class Members are entitled to recover from Defendants unpaid overtime wages, liquidated damages, interest at the statutory compounded rate of 9% per annum, reasonable attorneys' fees and costs of this action, and pre-judgment and post-judgment interest.

## FOURTH CLAIM FOR RELIEF
## FOR VIOLATION OF NEW YORK LABOR LAW § 195

78. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

79. Defendants failed to provide Plaintiff and Rule 23 Class Members with notice of their rate of pay; the basis of their rate of pay; and other information required by Section 195 of the New York Labor Law.

80. Due to Defendant's violation of Section 195 of the New York Labor Law,

Plaintiff and Rule 23 Class Members are entitled to damages of $2,500.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief:

(i) Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. §201 et seq. and the supporting United States Department of Labor regulations;

(ii) Unpaid overtime and minimum wages pursuant to New York Labor Law, Article 19, §§650 *et seq.*, and the supporting New York State Department of Labor Regulations, plus liquidated damages and pre- and post-Judgment interest;

(iii) Unpaid hourly base straight time wages and overtime wages pursuant to the FLSA, 29 U.S.C. § 207, New York Labor Law § 650 *et seq.*, and supporting New York State Department of Labor Regulations, plus an equal amount as liquidated damages plus pre- and post-Judgment interest;

(iv) Certification of this case as a collective action under 29 U.S.C. §216(b) and a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

(iv) Designation of Plaintiff as representatives of the Rule 23 Class, and counsel of record as Class Counsel;

(v) Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the aforementioned statutes;

(vi) All attorneys' fees and costs incurred in prosecuting these claims;

(vii) Damages in the amount of $2,500 pursuant to New York Labor Law § 195; and

(vii) Such other relief as this Court deems just and proper.

Dated: Farmingdale, New York
November 26, 2014

FRANK & ASSOCIATES, P.C.
*Attorneys for Plaintiff*

By: _____
Peter A. Romero, Esq.
500 Bi-County Blvd. Suite 112N
Farmingdale, New York 11735
(631) 756-0400

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf against PETER UNDGEROUND UTILITY LLC, NELU CABLE, INC., DANELLA LINE SERVICES, INC, PETER SERBAN, VALENTIN SERBAN, and JAMES DANELLA to recover unpaid wages pursuant to the federal Fair Labor Standards Act of 1938, as amended 29 U.S.C. §201 et seq. and also authorize the filing of this consent in the action challenging such conduct, and consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this action. I hereby authorize the law firm of Frank & Associates, P.C. to represent me in this action.

_JOSE PEREZ_
Jose Perez

Dated: _11/21/14_